**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY**

SANDY BROWN, Supervised )
Administrator of the ESTATE OF )
TERRANCE LAMAR JOHNSON, deceased, )
            )
       Plaintiff, )
            )
       v. )       Case No.
            )
UNITED STATES OF AMERICA and )
UNKNOWN EMPLOYEES OF THE )
FEDERAL BUREAU OF PRISONS, )
            )
       Defendants. )

## COMPLAINT

Plaintiff SANDY BROWN, Supervised Administrator of the ESTATE OF TERRANCE LAMAR JOHNSON, deceased, complains of the UNITED STATES OF AMERICA and UNKNOWN EMPLOYEES OF THE FEDERAL BUREAU OF PRISONS as follows:

### JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., and the Constitution of the United States of America.

2. This Court is vested with jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), and § 1346(b).

3. Venue is proper in the Eastern District of Kentucky under 28 U.S.C. §1391, because the acts and events giving rise to the complaint occurred in the Eastern District of Kentucky, and because, upon information and belief, Defendants Unknown Employees of the Federal Bureau of Prisons reside and are employed there.

4. Plaintiff timely submitted her Claim for Damage, Injury, or Death to the Federal Bureau of Prisons via SF-95 on or about May 6, 2024.

1

5.     As of the date of this filing, Plaintiff has not received a response from the Federal Bureau of Prisons about her claim.[1]

## PARTIES

6.     Plaintiff Sandy Brown, Supervised Administrator of the Estate of Terrance Lamar Johnson, deceased, is a citizen of the United States and a resident of Chicago, Illinois.

7.     Sandy Brown was appointed Supervised Administrator of the Estate of Terrance Lamar Johnson on March 25, 2024. *See* **Exhibit A**, Order Appointing Representative of Decedent's Estate – Intestate.

8.     At all material times, Terrance Lamar Johnson ("Johnson") was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), an agency of Defendant United States of America, and was assigned to the United States Penitentiary Big Sandy ("Big Sandy"), a correctional facility in Inez, Kentucky, owned and operated by Defendant United States of America.

9.     Defendant United States of America is subject to suit for personal injury caused by the wrongful acts and omissions of employees of the government while acting within the course and scope of their office or employment under the circumstances where the defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

10.    Defendants Unknown Employees of the Federal Bureau of Prisons were, at all relevant times, federal government employees employed by the Federal Bureau of Prisons, an agency of the United States of America, and working at Big Sandy.

---

[1] Due to the rapidly approaching statute of limitations on Plaintiff's *Bivens* claim, including Plaintiff's need to discern the identities of Defendants Unknown Employees of the Federal Bureau of Prisons prior to the expiration of the statute of limitations, Plaintiff files this complaint prior to receipt of a response to her Claim for Damage, Injury, or Death to the Federal Bureau of Prisons. To the extent that this Court finds her FTCA claim premature, Plaintiff requests that the Court stay her FTCA claim until she receives a response.

## FACTS

### Johnson's Murder

11.    On or about September 27, 2021, Johnson was sentenced to 66 months in the BOP pursuant to a guilty plea in United States District Court for the Northern District of Illinois, Case No. 19-CR-831.

12.    Johnson was eventually sent to Big Sandy.

13.    While at Big Sandy, Johnson feared for his safety.

14.    In or around April 2022, Johnson communicated with his attorneys, Henderson Parks, LLC ("Henderson"), about his fears.

15.    Upon information and belief, based on communications between Johnson and Henderson, his fears included, but were not limited to, other inmates' belief that Johnson was "hot," *i.e.*, that he cooperated with the government or told on other individuals.

16.    Upon information and belief, based on documentation obtained from the BOP, his fears included, but were not limited to, gang-related conflicts inside Big Sandy.

17.    Upon information and belief, based on communications between Johnson and Henderson, Johnson communicated his fears to one or more Unknown Employees of the Federal Bureau of Prisons.

18.    On or about July 2, 2022, Johnson was attacked by another inmate at Big Sandy.

19.    During this attack, the other inmate stabbed Johnson.

20.    Upon information and belief, based on information provided by the BOP, this attack was a result of a gang-related conflict between Johnson and other inmates.

21.    Johnson died as a result of being stabbed.

### Attempts to Obtain Information Via FOIA

22.    Johnson's family received minimal information about the facts and circumstances surrounding his death.

23.    Johnson's family retained Henderson for assistance in investigating the murder.

24.    In connection with this investigation, Henderson submitted a Freedom of Information Act request to the BOP (the "FOIA Request").

25.    On November 7, 2022, the BOP acknowledged receipt of the FOIA Request.

26.    In its November 7, 2022 letter, the BOP extended the statutory time requirement within which to respond with a determination about the FOIA Request by 10 additional days, for a total statutory response time of 30 business days. *See* 5 U.S.C. § 552(a)(6)(A)-(B).

27.    The BOP failed to provide a determination on the FOIA Request within 30 business days.

28.    Henderson then contacted the BOP many times inquiring about the status of the FOIA Request, and asked that the FOIA Request be expedited.

29.    While the BOP agreed to expedite the FOIA Request, it did not provide an update about when Henderson would receive a determination letter or any documents responsive to the FOIA Request.

30.    Several of Henderson's other status requests to the BOP went ignored.

**The Lawsuit Against The BOP**

31.    Accordingly, on September 15, 2023, Henderson filed a complaint for declaratory and injunctive relief in the United States District Court For The Northern District Of Illinois, seeking that the Court order the BOP to comply with the FOIA Request (the "FOIA Lawsuit"). *See* United States District Court For The Northern District Of Illinois Case No. 23-cv-13762.

32.    The BOP was served with the FOIA Lawsuit on or about October 30, 2023.

4

33.    On or about November 15, 2023, over one year after Henderson made its FOIA request, the BOP provided a determination letter and produced a limited number of responsive documents.

34.    When it finally did produce records, the BOP withheld and redacted records under one or more FOIA exemptions (*i.e.* § 552(b)(6); § 552(b)(7)(C); § 552(b)(7)(E); and, § 552 (b)(7)(F)), which Henderson argued were inappropriate.

35.    Henderson and the BOP litigated the FOIA Lawsuit through cross-motions for summary judgment.

36.    Ultimately, Henderson received some, but not all, of the documents and information in sought via FOIA, leaving it and Johnson's family without an adequate picture of the circumstances surrounding Johnson's murder and not knowing the identities of the BOP employees who investigated or were otherwise involved in Johnson's death.

## <u>COUNT I</u>
**Wrongful Death – Federal Tort Claims Act**
**(United States of America)**

37.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

38.    At all relevant times, it was the duty of Defendants Unknown Employees of the Federal Bureau of Prisons, federal government employees, to exercise care to prevent injury and harm to persons, including Johnson, who were in the custody and control of the Federal Bureau of Prisons.

39.    Notwithstanding their duty, Defendants Unknown Employees of the Federal Bureau of Prisons willfully and wantonly breached their duty by failing to protect Johnson, who was in the custody and control of the Federal Bureau of Prisons, from the obvious risk of serious harm by other inmates.

40.    Defendants Unknown Employees of the Federal Bureau of Prisons' acts and omissions were committed within the scope of their employment as federal government employees.

41.    Aa a direct and proximate cause of the Defendants Unknown Employees of the Federal Bureau of Prisons' acts and/or omissions, Johnson sustained injuries resulting in his death.

42.    At all relevant times, in the Commonwealth of Kentucky there existed a wrongful death statute, Ky. Rev. Stat. Ann. § 411.130, *et seq*.

43.    Johnson's wrongful death was proximately caused by the willful and wanton conduct of the United States of American in violation of § 411.130, *et seq*.

44.    Johnson is survived by his minor children and other family members.

45.    As a result of Johnson's wrongful death, his minor children have suffered and will continue to suffer loss of a personal and pecuniary nature including loss of society, affection, companionship, as well as grief, sorrow and mental suffering.

46.    Defendant United States of America is subject to suit for wrongful death caused by the wrongful acts and omissions of Defendants Unknown Employees of the Federal Bureau of Prisons pursuant to the FTCA.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant United States of America and order Defendant to pay: compensatory damages; attorneys' fees and costs of suit; and for such other and further relief as this Court deems just.

## COUNT II
### Deliberate Indifference – *Bivens* Claim
### (Unknown Employees of the Federal Bureau of Prisons)

47.    Each of the foregoing paragraphs is incorporated as if restated fully herein.

48.     Defendants Unknown Employees of the Federal Bureau of Prisons knew that Johnson faced a substantial risk of serious harm from other inmates, because upon information and belief Johnson reported this risk.

49.     The risk to Johnson's life and safety was objectively serious.

50.     Defendants Unknown Employees of the Federal Bureau of Prisons purposefully, knowingly, and/or recklessly failed to protect Johnson, despite their knowledge of the substantial risk of serious harm.

51.     Defendants Unknown Employees of the Federal Bureau of Prisons' actions and conduct were the proximate cause of the constitutional violation against Johnson and his wrongful death.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants Unknown Employees of the Federal Bureau of Prisons and order Defendants to pay: compensatory damages; punitive damages; pre-judgment interest; attorneys' fees and costs of suit; and, for such other and further relief as this Court deems just.

Respectfully submitted,

SANDY BROWN, Supervised
Administrator of the ESTATE OF
TERRANCE LAMAR JOHNSON,
deceased,

**Saeed and Little, LLP**
/s/ Daniel J. Canon
Daniel J. Canon, KY #92048
Saeed and Little, LLP
8777 Purdue Road, Suite 106
Indianapolis, Indiana 46268
Phone: (317) 614-5741
Fax: (888) 422-3151
dan@sllawfirm.com

Victor P. Henderson
Rebecca R. Kaiser
HENDERSON PARKS, LLC
140 South Dearborn Street, Suite 1020
Chicago, Illinois 60603
312-262-2900
vphenderson@henderson-parks.com
rkfournier@henderson-parks.com
*Pro hac vice* admission pending